# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 09-361-1** |
| | : | |
| **v.** | : | |
| | : | |
| **MAHN HUU DOAN** | : | |

### MEMORANDUM OPINION

**Savage, J.**                                                                                                              **August 11, 2021**

Moving for a reduction of sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), Mahn Huu Doan, a prisoner at FCI Fairton, contends that his serious medical conditions in light of the COVID-19 pandemic constitute extraordinary and compelling reasons warranting a reduction of his sentence.[1] Doan claims that he is not a danger to the community, citing his participation in over twenty courses, his placement in FCI Fairton's minimum security camp, his work assignment as head orderly for the camp and his clear disciplinary record over the past four years as evidence of his rehabilitation.[2] The government argues that the pandemic and his compromised health do not support a reduction in sentence because Doan is fully vaccinated and his medical conditions are well-controlled with medication and treatment in prison.[3] The government also argues that Doan poses a danger to the community because of the nature and seriousness of his offense, his past non-compliance with pretrial release and his disciplinary record while incarcerated.[4]

---

[1] Def.'s Mot. to Red. or Mod. Sent. at 3, 7-8, 12-13 (ECF No. 172); Def.'s Am. App. to Mod. Sent. at 3, 10, 14-15, 27-28 (ECF No. 180).

[2] Def.'s Mot. to Red. or Mod. Sent. at 9-10, 13; Def.'s Am. App. at 14, 35-37.

[3] Govt. Supp. Resp. in Opp. to Def.'s Mot. to Red. Sent. at 4 (ECF No. 182); Govt. Second Supp. Resp. to Def.'s Mot. to Red. Sent. at 1-2 (ECF No. 201).

[4] Govt. Supp. Resp. at 17.

Doan pled guilty to conspiracy to commit murder-for-hire.[5] His total offense level was 29 and his criminal history was category III. The sentencing guidelines range was 108 to 135 months. He was sentenced to 82 months to run consecutively to a 151-month prison sentence he was already serving for mortgage fraud and related offenses.[6] Doan had initiated his murder-for-hire scheme while on pretrial release pending sentencing in the mortgage fraud case.[7]

Doan is 52 years old.[8] He suffers from, among other conditions, anemia, hyperlipidemia, pre-diabetes, hypertension and acute bronchitis.[9] He is a former smoker.[10] He tested positive for COVID-19 on December 29, 2021 and has since recovered.[11] He received the first dose of the Moderna vaccine on May 12, 2021, and the second dose on June 11, 2021.[12]

Because Doan has recovered from COVID-19 and is fully vaccinated, we find that the circumstances of the pandemic together with his health conditions do not constitute an extraordinary and compelling reason warranting release. Therefore, we shall deny his motion for a sentence reduction under the compassionate release statute.

---

[5] Govt. Resp. in Opp. to Def.'s Mot. to Red. Sent. at 2 (ECF No. 174).

[6] *Id*.

[7] *Id*.

[8] Bureau of Prisons Health Services Records at 2 (ECF No. 183) ("BOP Records Volume 1").

[9] *Id*. at 2, 3, 6, 9, 12-16, 18-20, 24, 26-28; Bureau of Prisons Health Services Records at 62, 111, 141, 151, 208 (ECF No. 185) ("BOP Records Volume 2").

[10] BOP Records Vol. 1 at 2.

[11] BOP Records Vol. 2 at 108, 110.

[12] Govt. Second Supp. Resp. at 1-2.

**Discussion**

A court may reduce a defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if it first finds that extraordinary and compelling reasons warrant a reduction and "a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Before ordering the release of a prisoner, the court must determine that he is not a danger to the safety of others or the community. 18 U.S.C. § 3142(g).

Congress did not define what constitutes an extraordinary and compelling reason, leaving it to the Sentencing Commission to do so. In its policy statement and commentary addressing Section 3582(c)(1)(A), the Sentencing Commission set forth three specific extraordinary and compelling reasons. U.S.S.G. § 1B1.13, cmt. n. 1. Application Notes 1(A) through 1(C) detail qualifying medical, age and family circumstances. Pertinent to Doan, Application Note 1(A) provides that a defendant may receive a sentence reduction if he is suffering from a terminal illness or a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the defendant's ability to provide self-care in prison and from which he is not expected to recover. U.S.S.G. § 1B1.13 cmt. n.1(A). It is undisputed that Doan's conditions do not satisfy the requirements of Application Note 1(A).

Making it clear that these were not the only reasons that may be considered extraordinary and compelling, the Sentencing Commission added an "other reasons" category that provides that a reduction may be warranted by an "extraordinary and compelling reason other than, or in combination with, the reasons described in

3

subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D). At the same time, it delegated the Bureau of Prisons ("BOP") Director to define what "other reasons" qualify under subdivision 1(D). *Id*.

We have held in other cases that a court has the authority and responsibility to determine what is an extraordinary and compelling reason for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).[13] We have also determined that the COVID-19 virus and its impact on the prison population in a particular case may warrant relief under Section 3582(c)(1)(A).[14] Thus, we consider Doan's motion on the merits.

To determine whether extraordinary and compelling reasons exist in an individual case, we consider the circumstances of the COVID-19 pandemic, the defendant's health conditions, the defendant's age, the risk of contracting COVID-19 at the defendant's facility and whether the defendant has been fully vaccinated. None of these reasons alone is an extraordinary or compelling reason. Health complications without the risk of COVID-19 at a particular institution do not warrant release in every case. Similarly, the fact that a facility may have confirmed cases of COVID-19 does not justify release if the defendant is not at risk due to age or other medical conditions, or if the defendant is vaccinated. However, a combination of these circumstances may rise to the level of "extraordinary and compelling." Hence, each case must be determined by the facts unique to the defendant.

---

[13] *See U.S. v. Babbitt*, 496 F. Supp. 3d 903 (E.D. Pa. 2020); *U.S. v. Spencer*, No. 15-562, 2021 WL 565388 (E.D. Pa. Feb. 12, 2021); *U.S. v. Randall*, No. 08-8, 2021 WL 922077 (E.D. Pa. Mar. 11, 2021); *U.S. v. Avery*, No. 04-243, 2021 WL 949482 (E.D. Pa. Mar. 12, 2021); *U.S. v. Medina*, No. 15-554 (E.D. Pa. Apr. 22, 2021).

[14] *See Babbitt*, 496 F. Supp. 3d; *Spencer*, 2021 WL 565388; *Medina*, No. 15-554.

There are three vaccines against COVID-19, produced by Pfizer-BioNTech, Moderna and Johnson & Johnson, approved for emergency use in the United States.[15] Clinical trials of the Pfizer vaccine reported that it was up to 95% effective at preventing symptomatic COVID-19 across a number of variables, including age, gender, race, ethnicity, body mass index and other medical conditions.[16] In clinical trials, the vaccine was 100% effective in preventing severe disease.[17] Clinical trials for Moderna showed an efficacy rate of 94.1% against preventing symptomatic infection, although the rate dropped to 86.4% for people aged 65 and older.[18]

Both Pfizer and Moderna require two separate doses, several weeks apart, to be fully effective.[19] The Johnson & Johnson vaccine only requires one dose and has been shown to have an 86% efficacy against severe illness and a 72% efficacy overall.[20] Serious side effects such as heart inflammation and blood clots have been reported in rare cases.[21]

As of August 9, 2021, more than 4 billion vaccine doses have been administered worldwide.[22] Based on the current available data, the vaccines appear to be effective

---

[15] "COVID-19 Vaccines," U.S. Food & Drug Administration, https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/covid-19-vaccines.

[16] Katella, Kathy, "Comparing the COVID-19 Vaccines: How Are They Different?" Yale Medicine (July 22, 2021), https://www.yalemedicine.org/news/covid-19-vaccine-comparison.

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] "WHO Coronavirus Disease (COVID-19) Dashboard," World Health Organization, https://covid19.who.int/ (updated daily).

against the COVID-19 variants detected in different regions around the world.[23] A study by the National Institute of Health on the impact of the two-dose vaccines concluded that "[v]accination markedly reduced adverse outcomes," with hospitalizations decreasing by 63.5%, intensive care unit hospitalizations decreasing by 65.6% and deaths decreasing by 69.3%.[24]

Since the vaccines have become available, the BOP has administrated over 208,000 doses to incarcerated individuals and staff.[25] As of May 2021, over half of the prisoners incarcerated in the federal and state systems were vaccinated.[26]

Doan is fully vaccinated against COVID-19, having received both doses of the Moderna vaccine. Doan is sufficiently protected against symptomatic COVID-19. Although he suffers from several medical conditions associated with increased risk of severe illness or death from COVID-19, the risks posed to Doan's health are minimal. He contracted the virus in December 2020 and fully recovered. Moreover, Doan is housed at FCI Fairton, which has reported one case among inmates and none among staff.[27] All of the inmates housed with Doan in the minimum security camp are fully vaccinated, as well

---

[23] Katella, *supra* note 16; "About Variants of the Virus that Causes COVID-19," Centers for Disease Control and Prevention (June 28, 2021), https://www.cdc.gov/coronavirus/2019-ncov/variants/variant.html.

[24] Moghadas, Seyed M. et al., "The impact of vaccination on COVID-19 outbreaks in the United States," Clin. Infect. Dis. (Jan. 30, 2021), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7929033/.

[25] Federal Bureau of Prisons, "COVID-19 Coronavirus" (updated daily), https://bit.ly/2SOsQpe.

[26] Herring, Tiana and Emily Widra, "Just over half of incarcerated people are vaccinated, despite being locked in COVID-19 epicenters," Prison Policy Initiative (May 18, 2021), https://www.prisonpolicy.org/blog/2021/05/18/vaccinationrates/.

[27] "COVID-19 Coronavirus," *supra* note 25.

as 75% of the total inmate population at FCI Fairton.[28] Therefore, these circumstances do not present an extraordinary or compelling reason justifying compassionate release.[29]

## Conclusion

The COVID-19 pandemic and the low risk of Doan contracting COVID-19 at FCI Fairton do not constitute an extraordinary and compelling reason to grant a sentence reduction. He is no longer at risk of severe illness or death while continuing to serve his sentence at FCI Fairton. Therefore, we shall deny Doan's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

---

[28] *Id.*; Federal Bureau of Prisons, "FCI Fairton," https://www.bop.gov/locations/institutions/fai/; Govt. Supp. Resp. at 17.

[29] Our reasoning is consistent with that of numerous other courts in the Third Circuit that have denied compassionate release motions brought by vaccinated defendants. *See, e.g., United States v. Reed*, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021) ("Now that COVID-19 vaccinations are being administered throughout the Bureau of Prisons, compassionate release motions generally lack merit."); *United States v. Hannigan*, 2021 WL 1599707, at *5-6 (E.D. Pa. Apr. 22, 2021) ("Other courts in the Third Circuit have agreed that the protection provided by an authorized COVID-19 vaccination reduces the risk of serious illness from COVID-19 to such a degree that the threat of the pandemic alone cannot present an extraordinary and compelling reason for compassionate release.") (citing cases); *United States v. Roper*, 2021 WL 963583, at *4 (E.D. Pa. Mar. 15, 2021) ("The risk posed to an inoculated Mr. Roper is not an extraordinary and compelling reason for his release."); *United States v. Jones*, 2021 WL 1561959, at *1 (E.D. Pa. Apr. 21, 2021) ("[A]s of now, the available data confirms the extreme effectiveness of the vaccines."); *United States v. Peterson*, 2021 WL 2156398, at *2 (E.D. Pa. May 27, 2021) ("Given the significant protection the [Johnson and Johnson] vaccine offers and the declining rates of COVID-19 infections in prisons, we (like many other courts) do not find that Mr. Peterson has presented extraordinary and compelling circumstances at this time."); *United States v. Kamara*, 2021 WL 2137589 (E.D. Pa. May 26, 2021).
    Because we conclude that there is no extraordinary or compelling reason to grant compassionate release, we do not reach the issue of whether Doan is a danger to the safety of others or the community.