IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 09-361-1** |
| | : | |
| **v.** | : | |
| | : | |
| **MAHN HUU DOAN** | : | |
| a/k//a Bruce Doan | : | |

| | | |
|---|---|---|
| **MAHN HUU DOAN** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **UNITED STATES OF AMERICA** | : | **NO. 12-7068** |

## MEMORANDUM

**Savage, J.**                                                                                     **February 24, 2022**

Mahn Huu Doan has filed a "Demand to Abate or Vacate Void Judgment" which we construe as a motion under Fed. R. Civ. P. 60(b). Doan raises seven grounds for vacating his criminal judgment of sentence: (1) lack of jurisdiction; (2) his arrest warrant; (3) unlawful arrest; (4) lack of venue; (5) lack of valid law; (6) lack of a valid court; and (7) denial of due process.

Because the motion is untimely, we shall deny it.

Doan pled guilty to conspiracy to commit murder for hire. His plea agreement contained a waiver of appellate rights, including a waiver of his right to collaterally attack his sentence by filing a § 2255 motion.[1]  He was sentenced by Judge John Fullam to 82 months in prison on December 14, 2011. He did not file a direct appeal.

---

[1] *Id.* at 2.

On December 18, 2012, notwithstanding the appellate waiver, on December 18, 2012, Doan filed a motion pursuant to 28 U.S.C. § 2255 alleging that the sentencing judge was biased and that his attorney was ineffective.[2]  Granting the government's motion to enforce the appellate waiver, we dismissed Doan's motion on March 19, 2013.[3]  Doan did not appeal.  He later filed an application with the Third Circuit Court of Appeals for authorization to file a second or successive § 2255 motion.  His application was denied on June 20, 2014.

More than six years later, on February 3, 2020, Doan now filed his motion pursuant to Rule 60(b).[4]  He essentially asserts that his conviction is void and should be vacated because the Court lacked jurisdiction.[5]

## DISCUSSION

Federal Rule of Civil Procedure 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

    (1)    mistake, inadvertence, surprise, or excusable neglect;
    (2)    newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
    (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
    (4)    the judgment is void;
    (5)    the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
    (6)    any other reason that justifies relief.

---

[2] *See* Pet.'s § 2255 Mtn. (Doc. No. 151).

[3] *See* 3/19/13 Mem. Opn. (Doc. No. 161).

[4] *See* Demand to Abate …. at 2 (Doc. No. 170).

[5] *See generally id.*

2

Fed. R. Civ. P. 60(b).

A motion under Rule 60(b)(1), (2), or (3) must be made within a year of the entry of the challenged order or judgment.  A motion under any other provision of Rule 60 must be filed "within a reasonable time."  Fed. R. Civ. P. 60(c).

Doan now claims that the judgment is void because the district court lacked jurisdiction.  This claim falls under Rule 60(b)(4).

The judgment of sentence was entered on December 14, 2011.  Doan's § 2255 petition was dismissed on March 19, 2013.  He  did not file his Rule 60 motion until January 15, 2020, seven years later.  He has offered no excuse for this inordinate delay.  Thus, his motion is untimely.