**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| MAHN HUU DOAN | : | NO. 09-361-1 |

**<u>MEMORANDUM</u>**

In his motion to stay supervised release pending his appeal of our Order denying early termination of supervised release, the defendant complains that we denied his motion for early termination without "any articulated findings or stated reasoning." In our Order, we clearly stated that the denial was based on his misrepresentation that his supervising probation officer did not oppose early termination. Believing that his misrepresentation was sufficient to deny his request, we did not elaborate on any reasoning.

When we denied Doan's motion for early termination of supervised release, we explained in a footnote that his representation that his supervising probation officer did not oppose his motion was not true. That explanation is apparently not enough for Doan. Thus, we will elaborate on our reason for denying his motion.

After pleading guilty to conspiracy to commit murder for hire, Doan was sentenced to 82 months imprisonment to run consecutively to the sentence of 151 months he was serving for mortgage fraud and related offenses. He was also sentenced to a three-year term of supervised release. He committed the murder-for-hire scheme while on pretrial release awaiting sentencing on the mortgage fraud case.

Doan began supervised release on January 23, 2025. He has been compliant with the conditions of supervised release. He contends his compliance merits termination after serving just over one-third of his term. He complains that supervision impedes his nurturing his marital and parental relationships. He cites his wife living in New York and his daughters living in New Jersey. He also claims, without any evidentiary support, that supervision interferes with his receiving adequate medical treatment for conditions caused by improper treatment while in custody of the Bureau of Prisons.

A court may, in its discretion, terminate a term of supervised after one year "if termination is warranted by the defendant's conduct and is in the interests of justice." 18 U.S.C. § 3583(e). Before doing so the court must consider the sentencing factors set forth in § 3553(a). Despite the statutory mandate that a court consider all § 3553(a) factors, the Third Circuit Court of Appeals has held that the need for a sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment is not relevant to the consideration of early termination of supervised release. *United States v. Murray*, 692 F.3d 273 (3d Cir. 2012).

We are not required to make specific findings of fact for each statutory factor under 18 U.S.C. § 3583(e)(1). *United States v. Melvin*, 978 F.3d 49, 52-53 (3d Cir. 2020). We need only articulate that we have considered the relevant factors under 18 U.S.C. § 3553(a), the defendant's conduct, and the interests of justice in rendering a decision. *See id.* at 53.

Doan's misrepresentation as to the position of his supervising probation officer is enough to call into question his credibility regarding the other facts he cites in his motion for early termination. His misrepresentation is sufficient to deny his motion.

                                        /s/ Timothy J. Savage
                                    TIMOTHY J. SAVAGE, J.